UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| DAVID ROE | CASE NO. 2:18-CV-01353 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| SAFETY NATIONAL CASUALTY CORP., ET AL. | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the court is an Appeal of Magistrate Judge Decision [doc. 50] filed by plaintiff David Roe, in response to the Magistrate Judge's Order [doc. 45] granting in part and denying in part plaintiff's Motion to Amend/Correct Complaint. Defendant Safety National Casualty Corporation ("Safety National") has filed a response in opposition to the appeal. Doc. 56. The parties have also filed supplemental briefing after oral argument on this matter. Docs. 58, 59.

I.
BACKGROUND

This suit arose from a motor vehicle accident that occurred on March 27, 2018, in Allen Parish, Louisiana. *See* doc. 1, att. 1. Plaintiff alleged that he was traveling down Highway 10 at approximately 6:00 that morning when he was rear-ended by a vehicle operated by defendant Gerardo Rea, who had been following him too closely. *Id.* Plaintiff further alleged that Mr. Rea was acting in the course and scope of his employment with O'Reilly Automotive Stores, Inc. ("O'Reilly") at the time of the accident. *Id.* Accordingly, plaintiff filed suit against Mr. Rea, O'Reilly, and O'Reilly's insurer Safety National, in the

-1-

33rd Judicial District Court, Allen Parish, Louisiana. *Id.* Defendants then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

On February 18, 2020, plaintiff filed a motion to amend and correct his complaint in order to substitute O'Reilly Automotive Stores, LLC for O'Reilly Automotive Stores, Incorporated and to assert claims of direct negligence against O'Reilly. Doc. 36, att. 2. Specifically, he alleged that other O'Reilly employees breached their duties of reasonable care to him by various instances of negligent hiring, training, supervision, and retention of Gerardo Rea. Doc. 36, att. 10, pp. 5–6. Safety National did not oppose the motion with respect to renaming O'Reilly, but maintained that leave to amend must otherwise be denied because direct negligence claims against O'Reilly were precluded under Louisiana law by O'Reilly's stipulation to vicarious liability for the alleged negligence of Gerardo Rea. Doc. 38. To this end Safety National cited several recent federal court decisions, beginning with *Dennis v. Collins*, 2016 WL 6637973 (W.D. La. Nov. 9, 2016). *Id.* at p. 1, n. 1. The magistrate judge denied leave to amend for the direct negligence claims, finding that amendment would be futile under this jurisprudence. Doc. 45. Plaintiff now appeals the decision to the undersigned.

## II.
### LAW & APPLICATION

#### A. *Standard of Review*

A magistrate judge may, with the consent of the presiding judge, adjudicate nondispositive pre-trial motions. 28 U.S.C. § 636(b)(1)(A). She is afforded broad discretion in this area. *A.M. Castle & Co. v. Byrne*, 123 F.Supp.3d 895, 898 (S.D. Tex.

2015). Any party may appeal the resulting order under Federal Rule of Civil Procedure 72, however, and the district judge may set aside any portion thereof upon a finding that it is "clearly erroneous or contrary to law." *Black v. Hornsby*, 2014 WL 2881153, at *1 (W.D. La. Jun. 24, 2014).

### B. *Application*

Magistrate Judge Kay found, in reliance on *Dennis* and its progeny, that amendment of the pleadings should be denied as futile because claims of direct negligence against O'Reilly were subsumed by its stipulation to vicarious liability for Rea's negligence. The undersigned has also endorsed that view. *See Fox v. Nu Line Transport LLC*, 2019 WL 4316955 (W.D. La. Sep. 11, 2019). Upon review of recent Louisiana jurisprudence, however, and in light of the number of times in which the rule has recently been asserted, the court now reconsiders its endorsement.

*Dennis* arose from an *Erie* guess, primarily based on *Libersat v. J&K Trucking, Inc.*, 772 So.2d 173 (La. Ct. App. 3d Cir. 2000). There the Third Circuit considered a district court's failure to instruct a jury on negligent hiring and training when it "equated *respondeat superior* to all possible theories of recovery." 772 So.2d at 179. The appellate court found no error in the instructions, noting:

> Patterson, as Mr. Mitchell's employer, would be liable for his actions under the theory of *respondeat superior*. If Mr. Mitchell breached a duty to the Appellants, then Patterson is liable under the theory of *respondeat superior*. If Mitchell did not breach a duty to the Appellants then no degree of negligence on the part of Patterson in hiring Mitchell would make Patterson liable to the Appellants. The trial judge has the responsibility of reducing the possibility of confusing the jury, and he may exercise the duty to decide what law is applicable. *Sparacello v. Andrews*, 501 So.2d 269 (La. App. 1 Cir. 1986), *writ denied*, 502 So.2d 103 (La. 1987). The court did not err in using

> its discretion to omit Appellants' requested jury instructions regarding negligent hiring and training because they were not appropriate in this case.

*Id.* The *Dennis* court thus held that, while the Louisiana Civil Code provides "broad tort principles in favor of allowing claimants to recover against anyone who is at fault for causing them injury," the available jurisprudence favored the defendant's argument that the two causes of action could not be simultaneously maintained if the employer stipulated to vicarious liability for the employee's negligence. 2016 WL 6637973 at *4, *7.

Plaintiff challenges this holding, arguing that the exception is contrary to decades of comparative fault jurisprudence from the Louisiana Supreme Court. Safety National maintains that *Dennis* was correctly decided and that the magistrate judge's ruling was properly made thereunder. Accordingly, the court revisits the *Erie* guess made in *Dennis* and considers whether it supports a finding of futility at the pleading stage.

"In making an *Erie* guess, the court must not alter existing law or . . . change direction." *Phetteplace v. 415 Rue Dauphine, LLC*, 383 F.Supp.3d 629, 630 (E.D. La. 2019) (internal quotations omitted). Rather, it should determine in its best judgment how the Louisiana Supreme Court would resolve the issue if presented with the same case. *Id.* (citing *Vanderbrook v. Unitrin Preferred Ins. Co.*, 495 F.3d 191, 206 (5th Cir. 2007)). To this end the court looks first to the primary sources of Louisiana law: the constitution, codes, and statutes. *Am. Int'l Spec. Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003). As the Fifth Circuit has emphasized:

> Jurisprudence, even when it rises to the level of *jurisprudence constante*, is a secondary law source in Louisiana. Thus, although we will not disregard the decisions of Louisiana's intermediate courts unless we are convinced that

> the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them.

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citations omitted).

> The Louisiana Civil Code's comparative negligence article provides:
>
> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

La. Civ. Code art. 2323(A). In *Dennis*, Chief Judge Hicks also acknowledged that several Louisiana cases support the general proposition that a plaintiff can "simultaneously maintain both (1) a tort cause of action against an employee in an attempt to hold the employer vicariously liable for that tort and (2) an independent negligent hiring, training, and/or supervision cause of action against the employer." 2016 WL 6637973, at *4. Nonetheless, in that case and its progeny courts have reasoned that there is no need to allocate fault between the parties when the employer defendant stipulates to liability for the employee's negligence. *Pigott v. Heath*, 2020 WL 564958, at *4 (E.D. La. Feb. 5, 2020) (citations omitted). They also maintain that "on balance, a rule disallowing simultaneous vicarious and direct negligence claims serves the public good" by streamlining the judicial process and avoiding unnecessary confusion for the jury. *Giles v. ACE Am. Ins. Co.*, 2019 WL 2617170, at *3 (E.D. La. Jun. 26, 2019).

*Libersat* was decided based on a challenge to jury instructions. Accordingly, the question was reviewed with the goal of determining after the fact whether plaintiff's verdict had been prejudiced by the omission. Since *Libersat*, two other Louisiana circuit courts have adopted this rule. *See Landry v. Nat'l Union Fire Ins. Co. of Pittsburg*, 289 So.3d 177, 185 (La. Ct. App. 5th Cir. 2019); *Wheeler v. U.S. Fire Ins. Co.*, 2019 WL 2612903 (La. Ct. App. 1st Cir. Jun. 13, 2019) (unpublished). The Louisiana Supreme Court, however, has made no reference to the purported exception. Instead, it has repeatedly affirmed that Article 2323(A) makes a determination of comparative fault mandatory among all potential tortfeasors, including non-parties and those who will never be held financially responsible, under any theory of liability. *Thompson v. Winn-Dixie Montgomery, Inc.*, 181 So.3d 656, 664 (La. 2015); *see, e.g.*, *Big Easy Tattoo & Co, Inc. v. Quarter Holdings, LLC*, 254 So.3d 678 (La. 2018); *Keith v. U.S. Fidelity & Guar. Co.*, 694 So.2d 180 (La. 1997).

The court has also specifically recognized the propriety of determining an employer's direct and vicarious liability for an employee's negligence on at least two recent occasions. In *Coulon v. Endurance Risk Partners*, the court held that allegations made to a medical review panel were broad enough to encompass and exhaust a plaintiff's claims for vicarious liability against a surgery center as well as direct negligence for failure to train and supervise its employees. 221 So.3d 809 (La. 2017). In *Foley v. Entergy Louisiana, Inc.*, a roofer was injured when he raised a ladder into an uninsulated power line. The Louisiana Supreme Court affirmed a verdict finding the plaintiff 20 percent liable, a coworker 5 percent liable, the employer 40 percent liable, and the power company 35

percent liable. 946 So.2d 144, 148–49 (La. 2006). To this end the court noted evidence of the employer's failure to adequately train or equip its employees for working near overhead power lines and the employees' own negligence in raising the ladder despite being aware of the dangers. *Id.* at 166–68.

Safety National argues that neither case is persuasive because the procedural postures are different and, in the case of *Foley*, there is no discussion of a stipulation to vicarious liability.[1] The court agrees that the cases do not provide a direct overruling of *Libersat* and its progeny. Nevertheless, both cases involve simultaneous claims of employer direct negligence and claims for which the employer could be held vicariously liable. The fact that the state's highest court observed no redundancy in these recent cases between the two theories of liability is enough to make the court revisit the *Erie* guess it previously endorsed.

Under the rule derived from *Libersat*, defendants ask the court to erase direct negligence claims against an employer whenever it stipulates to liability for an employee's negligence. But the Louisiana Supreme Court has recognized claims of negligent hiring, training, and supervision as stand-alone causes of action distinct from the theory of vicarious liability. *See, e.g.*, *Harris v. Pizza Hut of La.*, 455 So.2d 1364 (La. 1984); *Roberts v. Benoit*, 605 So.2d 1032 (La. 1991). Defendants provide no cases showing a merger of the two theories under Louisiana statutory law or Supreme Court jurisprudence.

---

[1] Safety National also argues that *Foley* has no persuasive value because the plaintiff in that matter was the employee. The court notes that the suit involved apportionments of fault to both the roofing company and plaintiff's coworker, who was employed by the same entity. 946 So.2d at 149.

"The fundamental purpose of Louisiana's comparative fault scheme is to ensure that each tortfeasor is responsible only for the portion of the damage he has caused." *Thompson v. Winn-Dixie Montgomery, Inc.*, 181 So.3d 656, 664 (La. 2015) (quoting *Miller v. LAMMICO*, 973 So2d 693, 706 (La. 2008)). Moreover, "[d]eterrence is one of the complex purposes that is said to lie at the heart of all tort law, not merely that aspect labeled 'punitive.'" *Fagot v. Ciravola*, 445 F.Supp. 342, 345 (E.D. La. 1978). In light of these aims, the court must examine what ends are served by the rule put forth here.

Where an employer's potential fault is merged with that of the employee, the jury might not have a true picture of either party's wrongful acts—which may, in turn, magnify the comparative fault of the plaintiff or other individuals. For instance, a plaintiff involved in a car accident may bring a claim of negligence against a defendant truck driver who failed to exercise adequate care while driving on icy roads. If the employer then stipulates to vicarious liability, the plaintiff cannot also maintain a claim based on the employer's negligent training or supervision of the employee. Accordingly, evidence that the company failed to train employees on how to encounter that hazard or required them to push on with their loads despite the conditions could be ruled inadmissible – as other defendants have argued in multiple cases before this court. If admitted, the evidence could also tend to make the employee look less culpable. After all, is it really his fault that he was not properly trained or supervised? And the verdict sheet leaves no other place to account for the employer's direct negligence. If the jury decides to go easier on the employee, other individuals – for instance, the plaintiff or drivers of other vehicles involved in the accident – necessarily become more culpable and the fundamental purpose of comparative fault is

frustrated. Likewise, where the employer can exclude evidence or avoid any public airing of its direct negligence merely because it is also financially liable under a theory of vicarious liability, the deterrent aims of tort law are thwarted. In effect, under such a rule, the employer would serve as insurer for the employee rather than codefendant and need not even have its identity revealed to the jury.

Defendants have argued that sound policy reasons support the expansion of *Libersat*'s holding into general preemption, because simultaneous claims of direct negligence and vicarious liability will allow plaintiffs to unfairly turn the focus of the trial to the employer. Such prejudice may be addressed, however, through motions for summary judgment based on lack of evidence, motions in limine, and jury instructions. Under the *Libersat* rule, on the other hand, there is no remedy for the plaintiff when the employer can stipulate to vicarious liability and then avoid accountability for any direct negligence.

In light of the rule's lack of support under Louisiana Supreme Court and statutory law, its dubious impacts on litigation, and the potential to achieve its policy aims through other means, the court is convinced that the highest court of the state would reject the rule derived from *Libersat*. The undersigned therefore finds that the Louisiana Supreme Court has and would continue to permit direct negligence claims even against an employer who is vicariously liable for the employee's negligence. Accordingly, the magistrate judge erred in denying the motion for leave to amend on the basis of futility and the court will reverse that decision.

## III.
### CONCLUSION

For the reasons stated above, the Appeal of Magistrate Judge Decision [doc. 50] will be granted, reversing the denial of the Motion for Leave to Amend [doc. 45].

**THUS DONE AND SIGNED** in Chambers on this 25th day of June, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**