# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVID ROE** | : | **DOCKET NO. 18-cv-1353** |
| | | |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| | | |
| **SAFETY NATIONAL CASUALTY** | | |
| **CORP, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## WRITTEN REASONS

On June 27, 2022, plaintiff David Roe filed a Motion to Quash Subpoenas [doc. 120] and asked that the motion be considered on an expedited basis, a request that was granted. Docs. 121, 122. To accommodate the expedited request defendants were ordered to respond by June 29, 2022, and plaintiffs were to reply by July 1, 2022. The motion was denied electronically July 5, 2022. Doc. 126. These are the reasons to support our denial of the motion.

Trial is currently set for September 19, 2022, and multiple deadlines are approaching that are tied to that trial date. Doc. 96. That order was issued October 17, 2021.

On June 10, 2022, defendants filed a Motion to Continue the current trial date. Doc. 111. The stated basis of the need for a continuance was that, on the date they were required to do so by the existing scheduling order, plaintiff sent his list of experts and their reports which included "two additional medical providers not previously disclosed," a life care plan that increased plaintiff's life care plan by $.4 million "based on drastically altered opinions from the plaintiff's medical experts," the vocational rehabilitation expert "increased plaintiff's pre-accident earning capacity by $4,000 annually without any other change to his opinion that would justify the increase," and plaintiff's "previously unidentified economist uses the increased wage range to support lost

earning capacity of $791, 441.28 to $1,029.029.63." Doc. 111, att. 1, p. 1. Defendants accuse plaintiff having produced this information in a deliberate effort to prejudice defendant "because the defendants' deadline to provide their expert reports is two weeks after the plaintiff."[1] *Id.* The district court denied the continuance electronically "[g]iven the age of this case and the court's full jury calendar into 2023" but did allow a two-week extension for defendant's expert reports. Doc. 114.

In support of the Motion to Quash, plaintiff argues that defendants "unilaterally issued subpoenas to five (5) of the plaintiff's experts without clearing the deposition dates with Plaintiff's counsel or the subpoenaed experts." Doc. 120, att. 1, p. 1. Plaintiff argues that defendants' actions in issuing the subpoenas "threaten to cause grave hardships." *Id.* He argues that it is the responsibility of defendants' attorneys to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* at p. 3, quoting F.R.Civ.P. 45(d)(1). Other than discussing interaction between counsel between since June 14, 2022, until the subpoenas were issued on June 21, 2022, plaintiff offers no further explanation of what the "grave hardships" were or by whom they were to be suffered.

In opposition to the motion, defendants suggest that "undue burden" is no grounds for a challenge to third-party subpoenas and, even in the event it was, plaintiff has made no showing. Doc. 124, p. 1. When addressing why particular dates were chosen, defense counsel claims the timetable was essential to their meeting the currently set deadline of July 21, 2022, for *Daubert* motions while, at the same time, accommodating plaintiff counsel's planned family vacation and his own schedule interrupted by a trial in another case. *Id.* at p. 2. Defendants argue that plaintiff

---

[1] It is obvious to the undesigned that interactions between counsel in his matter have become increasingly acrimonious. When quoting from either side we make every effort of avoid the sarcasm and sometimes vituperative language used. We urge counsel on both sides to turn down the flames in the interest of their respective clients and return civility to this process.

lacks standing to challenge a third-party subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure and, even in the event he had standing, he has failed to make any showing of undue burden. *Id.*

Plaintiff devotes most of his reply to a recitation of his version of events as they occurred and a refutation of defendants' claims. Doc. 125. He claims to have standing to challenge these subpoenas but then fails to state how. *Id.* at p. 4.

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas to obtain discovery from nonparties and also authorizes a court to quash or modify a subpoena if the court finds certain enumerated factors. At issue here is whether this subpoena "subjects a person to undue burden." FED.R.Civ.P. 45(d)(3)(A)(iv). It is the burden of the moving party to prove undue burden. *Wiwa v. Royal Dutch Pretroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

But when considering a Motion to Quash, we must first address whether or to what extent the mover has standing to challenge the subpoenas that have been issued. *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016). "Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45." *Id.*

Plaintiff has failed to show how or why he would have standing to assert any burdensome nature of the subpoenas for any of the experts subpoenaed. That would be an issue for the subpoenaed person to assert. Avoiding the particulars of plaintiff's complaint so as to avoid participation in the scuffle between these litigants, plaintiff's complaint is that he did not participate in selection of the dates and times of the depositions; however, plaintiff fails to articulate any facts that could support a finding that the subpoenas create an "undue hardship" for him.

Because plaintiff has failed to show he has standing to assert any "undue burden" that may be suffered by the third-parties that have been subpoenaed and insofar as plaintiff has not articulated any facts that would support a conclusion that the issued subpoenas create any "undue hardship" for him, we have denied the motion.

THUS DONE AND SIGNED in Chambers this 5th day of July, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE